# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-183V
UNPUBLISHED

DULCE CONCEPCION MULLER-
CARILLO,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: May 15, 2020

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Tetanus Diphtheria acellular
Pertussis (Tdap) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On January 31, 2019, Dulce Concepcion Muller-Carillo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her August 2, 2017 tetanus diphtheria acellular pertussis ("Tdap") vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 4, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 15, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $160,000.00 in addition to $2,187.09 funds to satisfy a State of California Medicaid lien. Proffer at 1-

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award** the following compensation:

1) **A lump sum payment of $160,000.00 in the form of a check payable to Petitioner.**

2) **A lump sum payment of $2,187.09, representing compensation for satisfaction of the State of California Medicaid lien, payable jointly to Petitioner and to:**

> **Department of Health Care Services**
> **Recovery Branch - MS 4720**
> **P.O. Box 997421**
> **Sacramento, CA 95899-7421**
> **DHCS account number: C96318746C-VAC03**

Petitioner agrees to endorse this payment to the California Department of Health Care Services. This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

DULCE CONCEPCION MULLER-CARILLO,

        Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

No. 19-183V
Chief Special Master Corocran
SPU
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 31, 2020, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. Thereafter, on February 4, 2020, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her shoulder injury related to vaccine administration ("SIRVA").

**I.**    **Compensation for Vaccine Injury-Related Items**

Based on the evidence of record, respondent proffers that petitioner should be awarded **$160,000.00**. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), with the exception of the reimbursement of the Medicaid lien, below. Petitioner agrees.

Respondent further proffers that petitioner should be awarded funds to satisfy a State of California Medicaid lien in the amount of **$2,187.09**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of California may have against any individual as a result of any Medicaid payments that the State of California has made to or on behalf of Dulce Concepcion Muller-Carillo from the date of her eligibility for benefits

through the date of judgment in this case as a result of her vaccine-related injury suffered on or about August 2, 2017, under Title XIX of the Social Security Act. Petitioner agrees.

## II. Form of the Award

Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

(1)    The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$160,000**, in the form of a check payable to petitioner.[1] Petitioner agrees.

(2)    A lump sum payment of **$2,187.09**, representing compensation for satisfaction of the State of California Medicaid lien, payable jointly to petitioner and to:

Department of Health Care Services
Recovery Branch - MS 4720
P.O. Box 997421
Sacramento, CA 95899-7421
DHCS account number:  C96318746C-VAC03

Petitioner agrees to endorse this payment to the California Department of Health Care Services.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*s/ Traci R. Patton*
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 353-1589

Dated:  May 15, 2020